IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHANNA VON SCHOENEBECK; and ANDRE VON SCHOENEBECK,<br><br>    Plaintiffs,<br><br>  v.<br><br>KONINKLIJKE LUCHTVAART MAATSCHAPPIJ N.V. a/k/a KLM Royal Dutch Airlines,<br><br>    Defendant. | No. CV 13-04992 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

A motion by defendant Koninklijke Luchtvaart Maatschappij N.V., doing business as KLM Royal Dutch Airlines ("KLM"), to dismiss plaintiffs Johanna and Andre von Schoenebeck's complaint is scheduled for a hearing on May 9, 2014. Docket No. 13. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendant's motion to dismiss.

**BACKGROUND**

On or about August 21, 2008, plaintiffs booked several flights with KLM to fly from Johannesburg, South Africa to Amsterdam, Netherlands; then from Amsterdam to San Francisco, California; then from Seattle, Washington to Amsterdam; and finally from Amsterdam back to Johannesburg. Docket No. 1, Compl. ¶ 15; Docket No. 14, Plug-Schiltmeijer Decl. Exs. A, B. Plaintiffs

allege that they sought to relocate from South Africa to California to invest in and manage an aviation company. Compl. ¶ 17.

On or about August 25, 2008, plaintiffs boarded KLM flight number KL605, flying from Amsterdam to San Francisco. *Id.* ¶¶ 7, 15. When the flight was about an hour away from landing in San Francisco, Ms. Schoenebeck bent forward to pick up her lipstick and comb from her handbag. *Id.* ¶ 19. Plaintiffs allege that at that time, the passenger who was seated in front of Ms. Schoenebeck pushed down on the headrest of his seat, causing the seat backrest to collapse on her, crushing her head, neck, and back. *Id.* ¶¶ 7, 19-21. Plaintiffs allege that the accident resulted in Ms. Schoenebeck suffering serious neck and back injuries that required immediate medical attention. *Id.* ¶¶ 7, 23, 28, 45-55. Plaintiffs further allege that following the incident, KLM failed to provide Ms. Schoenebeck with adequate assistance and medical treatment. *Id.* ¶¶ 8, 25-32.

On August 4, 2010, Ms. Schoenebeck filed an action in the High Court of South Africa against KLM for personal injury damages arising from the incident. Docket No. 23-2, Marcus Decl. Ex. A; Docket No. 21-1, Von Schoenebeck Decl. ¶ 4. That action currently remains pending in the North Gauteng High Court, Pretoria, Republic of South Africa. Docket No. 21-1, Von Schoenebeck Decl. ¶ 5; Docket No. 14, Plug-Schiltmeijer Decl. ¶ 19.

On October 25, 2013, plaintiffs filed the present action against KLM in this district, alleging causes of action for: (1) strict liability and liability of air carriers under the Montreal Convention[1]; (2) breach of contract and negligence; (3) failure to provide adequate assistance; (4) infliction of emotional distress; and (5) loss of consortium. Docket No. 1, Compl. By the present motion, KLM moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Docket No. 13, Def.'s Mot.

---

[1] Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000) ("Montreal Convention").

2

**LEGAL STANDARD**

## I.    Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. *See* Fed. R. Civ. Pro. 12(b)(1). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citation omitted). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Pub'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In deciding a Rule 12(b)(1) motion which mounts a factual attack on jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Federal courts have a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears that subject matter jurisdiction may be lacking. *See* Fed. R. Civ. Proc. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, it must dismiss the case. *Id.*

## II.   Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts

sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal, 556 U.S. at 678.* In considering a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

### I.  Preemption of State Law Claims

In the complaint, plaintiffs allege one cause of action under the Montreal Convention and four state law causes of action: breach of contract and negligence; failure to provide adequate assistance; infliction of emotional distress; and loss of consortium. Compl. ¶¶ 56-77. Defendant argues that the Montreal Convention completely preempts all of plaintiffs' state law causes of action. Def.'s Mot. at 9-11.

4

"The Montreal Convention governs the liability of air carriers in the 'international carriage of persons, baggage or cargo.'" *Chubb Ins. Co. of Eur. S.A. v. Menlo Worldwide Forwarding, Inc.*, 634 F.3d 1023, 1026 (9th Cir. 2011). The Montreal Convention "provides the exclusive remedy for international passengers seeking damages against airline carriers." *Narayanan v. British Airways*, 2014 U.S. App. LEXIS 5173, at *5 (9th Cir. Mar. 19, 2014); *accord Kruger v. United Air Lines, Inc.*, 481 F. Supp. 2d 1005, 1008 (N.D. Cal. 2007) ("[T]he Montreal Convention, like the predecessor Warsaw Convention,[2] provides the exclusive basis for a lawsuit against an air carrier for injuries arising out of international transportation, where it applies."). Therefore, the Montreal Convention preempts all federal and state law claims that fall within its substantive scope. *See Smith v. Am. Airlines, Inc.*, No. C 09-02903 WHA, 2009 U.S. Dist. LEXIS 94013, at *7-10, 15 (N.D. Cal. Sept. 22, 2009); *see also Motorola, Inc. v. Fed. Express Corp.*, 308 F.3d 995, 999 (9th Cir. 2002) ("The [Warsaw] Convention preempts state and federal claims falling within its scope."). "[T]he Ninth Circuit [has] interpreted the Convention's 'substantive scope' to encompass all personal injury claims suffered onboard an aircraft or during a passenger's embarking or disembarking of the aircraft [during international air transportation]." *Smith*, 2009 U.S. Dist. LEXIS 94013, at *12 (citing *Carey v. United Airlines*, 255 F.3d 1044, 1051 (9th Cir. 2001)).

Here, plaintiffs allege that the accident causing their alleged injuries occurred while they were onboard an aircraft during international air transportation, KLM flight number KL605 from Amsterdam to San Francisco. Compl. ¶¶ 7, 18-24, 61. Therefore, their state law claims fall within the substantive scope of the Montreal Convention and are preempted by the convention. *See Smith*, 2009 U.S. Dist. LEXIS 94013, at *15; *Kruger*, 481 F. Supp. 2d at 1008-09. Accordingly, the Court dismisses plaintiffs' state law claims as preempted by the Montreal Convention.

---

[2] The Convention for the Unification of Certain Rules Relating to Inter-national Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 137 L.N.T.S. 11 ("Warsaw Convention") is the predecessor to the Montreal Convention. "Although designed to replace the Warsaw Convention, the Montreal Convention incorporates many of its substantive provisions. Accordingly, in interpreting the Montreal Convention, courts have routinely relied upon Warsaw Convention precedent where the equivalent provision in the Montreal Convention is substantively the same." *Narayanan*, 2014 U.S. App. LEXIS 5173, at *5-6, n.2.

**II.     Timeliness of Montreal Convention Claim**

Defendant argues that plaintiffs' remaining claim under the Montreal Convention is time barred under Article 35 of the convention. Def.'s Mot. at 17-22. In response, plaintiffs argue that they complied with Article 35 when Ms. Schoenebeck filed the first action in South Africa. Pl.'s Opp'n at 18-19.

Article 29 of the Montreal Convention provides: "[A]ny action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention . . . ." Article 35(1) of the convention further provides: "The right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the carriage stopped." "Taken together, Articles 29 and 35(1) require that a claim for damages under the Convention must be filed within two years of the date upon which the aircraft arrived, or ought to have arrived, at its destination." *Narayanan*, 2014 U.S. App. LEXIS 5173, at *7.

Here, the date of arrival at the destination, the date on which the aircraft ought to have arrived, or the date on which the carriage stopped is either August 26, 2008, the date of the accident and the date the aircraft landed in San Francisco, or November 24, 2008, the date plaintiffs were scheduled to return to Johannesburg, South Africa. Compl. ¶¶ 7, 19; Docket No. 14, Plug-Schiltmeijer Decl. Exs. A, B. The present action was filed five years later on October 25, 2013. Therefore, the present action is time barred under Articles 29 and 35(1) of the Montreal Convention.

Plaintiffs argue that they have complied with Article 35(1) of the convention because Ms. Schoenebeck filed an action for damages – the South Africa action – within the two-year period,. Pl.'s Opp'n at 18-19. This argument relies on the use of the word "an" in Article 35(1). Plaintiffs argue that the plain language of Article 35(1) only requires that "an action" be brought within two years, and thus they have complied with the provision because "an action" was brought in the South African High Court on August 4, 2010. *See id.* However, the Ninth Circuit has rejected this reading of Article 35(1). In *Narayanan*, the Ninth Circuit explained:

> Article 35's reference to "an" action simply refers to a putative claim for damages brought under the Convention; "the" right to damages refers to the remedy sought in

6

connection with this action. Any lingering confusion is further alleviated by Article 29, which confirms that "*any* action for damages . . . can only be brought subject to the conditions and such limits of liability as are set out in th[is] [Montreal] Convention . . . ." Montreal Convention art. 29 (emphasis added). This means, in other words, that *any* action seeking damages . . . is subject to, *inter alia*, the requirements of Article 35.

*Narayanan*, 2014 U.S. App. LEXIS 5173, at *11-12 (footnote omitted) (emphasis in original). Therefore, any action for damages under the Montreal Convention must comply with Article 35's two-year limitations period. This interpretation is consistent with the drafting history of Article 29 of the Warsaw Convention,[3] the predecessor to Article 35 of the Montreal Convention. *See Narayanan*, 2014 U.S. App. LEXIS 5173, at *16 ("'[T]he only matter to be referred to the forum court by subsection 2 of Article 29 [of the Warsaw Convention] was "the determination of whether the plaintiff had taken the necessary measures within the two-year period to invoke *that particular court's* jurisdiction over the action"'" (quoting *Fishman v. Delta Air Lines, Inc.*, 132 F.3d 138, 144 (2d Cir. 1998)) (emphasis added)), at *20 ("'[T]he two-year time limitation specified in article 29 was intended to be absolute – barring any action which had not been commenced within the two-year period.'" (quoting *Kahn v. Trans World Airlines, Inc.*, 443 N.Y.S.2d 79, 87 (App. Div. 1981))). Accordingly, to comply with Article 35(1), the present action had to be filed within the two-year period. It was not, and, therefore, it is time barred.

In addition, the Court notes that the filing of the South Africa action did not toll the limitations period under Article 35. The Ninth Circuit has explained that "the Montreal Convention's limitations period operates as a condition precedent to suit and, as such, is not subject to equitable tolling."[4]

---

[3] Article 29 of the Warsaw Convention contains the following language:

(1) The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped.

(2) The method of calculating the period of limitation shall be determined by the law of the court to which the case is submitted.

[4] Indeed, plaintiffs concede in their opposition that Article 35 of the Montreal Convention was intended to operate as a statute of repose. Pl.'s Opp'n at 18. "[A] statute of repose is not subject to equitable tolling." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1048 (9th Cir. 2013) (en banc); *see Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991).

*Narayanan*, 2014 U.S. App. LEXIS 5173, at *20. Accordingly, the Court dismisses plaintiffs' claim under the Montreal Convention as time barred under Articles 29 and 35(1) of the convention.[5]

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss and DISMISSES plaintiffs' complaint without leave to amend.[6] Docket No. 13.

**IT IS SO ORDERED.**

Dated: May 8, 2014

SUSAN ILLSTON
United States District Judge

---

[5] Defendant also argues that plaintiffs' claim under the Montreal Convention should be dismissed because the Court lacks jurisdiction over the claim under Article 33 of the convention. Def.'s Mot. at 11-17. Because the Court dismisses this claim as time barred by Articles 29 and 35(1) of the convention, the Court declines to address this additional basis for dismissal.

[6] In the motion to dismiss, defendant also argues that the action should be dismissed under the doctrines of *lis alibi pendens* and abstention in light of the pending action in South Africa. Def.'s Mot. at 22-23. Because the Court dismisses the complaint without leave to amend on the above grounds, the Court declines to address this alternative basis for dismissal.

8